MOORE, J., for the Court:
¶ 1. Appellant Charles A. Clark was arrested and charged with driving while under the influence by Officer Randy Perkins of the City of Aberdeen Police Department on August 16, 1997. Clark was convicted in the Municipal Court of Aberdeen, Mississippi for this charge, and subsequently filed his notice of appeal to the Circuit Court of Monroe County, Mississippi. During the bench trial, Clark moved to dismiss the charge against him based on the grounds that the affidavit was defective. The circuit court denied the motion, and on March 31, 1999, found Clark guilty of the crime charged. The circuit court sentenced Clark to forty-eight hours in the Monroe County jail, suspended, and imposed a fine of $500. On appeal, Clark presents the following issue for our review
*509 I. THE LOWER COURT COMMITTED REVERSIBLE ERROR FOR FAILING TO GRANT APPELLANT’S MOTION TO DISMISS THE CHARGE AGAINST HIM DUE TO THE CITY’S FAILURE TO CHARGE APPELLANT BY PROPER AFFIDAVIT AS REQUIRED BY LAW.
Finding this assignment of error to be without merit, this Court affirms.
STATEMENT OF THE FACTS
¶ 2. On August 16, 1997, at approximately 1:24 a.m., the Aberdeen Police Department was notified of an automobile accident. Officer Perkins responded to the call, finding Clark at the scene. Clark told Officer Perkins that “his brakes had failed” and that “he had run through the stop sign and struck Ms. Carothers in the side.” Perkins noticed that Clark was having trouble standing, and that he was confused and was stuttering his words. He also noted that Clark smelled strongly of alcohol and had bloodshot and watery eyes. Clark told Officer Perkins he had been drinking. Officer Perkins testified that he then transported Clark from the scene of the accident to the Monroe County Sheriffs Office to run an intoxilyzer test. The test results revealed Clark’s blood alcohol level to be .200, a level that exceeds the legal limit. At this point, Officer Perkins prepared the Uniform Arrest Ticket.
¶ 3. On direct examination, Officer Perkins testified as to the normal procedure for preparing an arrest ticket. He stated that there are four copies in the arrest ticket package, with the violator’s copy on the bottom. He testified that he normally pulls the violator’s copy out at the time the violator is locked up at the jail, prior to going in front of the court clerk to sign the affidavit portion of the ticket. Officer Perkins also stated that at that time all the information on the ticket, with the exception of his signature, is filled out. He testified that usually the other three copies are then taken over to the court clerk, where the officer signs and swears to the ticket. The clerk then signs her name and title.
¶ 4. On cross-examination, after testifying again that normal procedure is for an officer to sign and swear to a ticket in front of the clerk after giving the bilateral copy to the violator,., Officer Perkins was asked why his signature was on the violator’s copy if that copy was supposed to have been torn off prior to the officer signing it. Officer Perkins responded by stating that in this instance, he must have had the violator’s copy sent over to Clark after all the remaining copies were sworn to. Officer Perkins was then asked on cross-examination that if this was the case, why was the clerk’s signature not on the violator’s copy. The attorney conducting the cross-examination asserted that Officer Perkins simply signed the ticket package, but did not swear to it in front of the clerk. Officer Perkins testified that he did in fact swear to the ticket and that if the clerk’s signature was not on the violator’s copy, it must not have gone all the way through the other three carbon copies so as to show up on the violator’s copy.
¶ 5. Upon Clark’s motion to dismiss on the basis of a defective affidavit, the court denied the motion finding that the affidavit was properly sworn to. At the conclusion of the trial, the court found Clark guilty of driving while under the influence.
LAW AND ANALYSIS
I. DID THE LOWER COURT COMMIT REVERSIBLE ERROR FOR FAILING TO GRANT APPELLANT’S MOTION TO DISMISS DUE TO THE ALLEGATION THAT THE CITY FAILED TO CHARGE APPELLANT BY PROPER AFFIDAVIT AS REQUIRED BY LAW?
¶ 6. Appellant Clark argues that the affidavit in question was not properly sworn to, therefore making the affidavit defective. Clark claims that due to the alleged defective affidavit, the circuit court had no *510 jurisdiction; therefore, the circuit court committed reversible error in failing to grant his motion to dismiss. We do not agree with Clark’s contentions and hereby affirm.
¶7. After all the testimony concerning the affidavit was presented, Clark made his motion to dismiss. The circuit judge based his decision to deny the motion ultimately on his findings of fact. After a review of the documents and Officer Perkins’s testimony, the circuit court judge determined that “the affidavit in this case was in fact sworn to on the 16th day of August, 1997.” Clark refutes this finding of fact.
¶ 8. The officer’s copy of the ticket contained Officer Perkins’s signature as well as the signature of the clerk, Lottie Gald-ney, on the affidavit portion. However, Clark’s carbon copy of the ticket, the violator’s copy, only contained Officer Perkins’s signature, which was identical to the signature on the officer’s carbon copy, but lacked the clerk’s signature. In making his argument, Clark makes note of these facts and from these facts alone, asserts that Officer Perkins could not have followed the “normal procedure” as to signing and swearing to such tickets in front of the clerk. Clark states that the only explanation for the discrepancy in the two copies of the ticket is that Officer Perkins did not actually swear to the ticket; therefore, the affidavit was improper. After reviewing all the facts, the circuit court did not agree with this argument, and this Court affirms that finding.
¶ 9. On appeal, this Court has a particular standard of review that it must apply when reviewing findings of fact made by a trial judge sitting without a jury. These such findings “may not be disturbed or set aside on appeal unless manifestly wrong.” Dungan v. Dick Moore, Inc., 463 So.2d 1094, 1100 (Miss.1985). In further explanation of this standard, these findings may not be upset here on appeal “provided there is in the trial record substantial supporting evidence. It matters not that on the same proof we as trial judges might have found otherwise.” Id. At present, there were documents revealing fácts about this case, as well as Officer Perkins’s testimony concerning the affidavit. “A trial judge, sitting as the trier of fact, is solely authorized to determine witness credibility.” Merchants Acceptance, Inc. v. Jamison, 752 So.2d 422, 426 (¶ 15) (Miss.1999).
¶ 10. The officer’s copy of the ticket that was presented to the trial judge displayed the signature of the clerk, Lottie Gladney, signifying the affidavit. Officer Perkins also testified that he swore to the ticket in front of Lottie Gladney. The ticket displaying the clerk’s signature is substantial evidence that this ticket was in fact sworn to. In addition, the trial judge has the authority to determine the credibility of witnesses and in this case, chose to find credibility in Officer Perkins’s testimony. That is within the trial judge’s discretion. The trial judge’s finding of fact that the affidavit was sworn to on August 16, 1997, is supported by this evidence. The finding was not manifestly wrong.
¶ 11. Therefore, the lower court’s finding that the affidavit was in' fact properly sworn to is affirmed. The lower court did not commit reversible error in denying the motion to dismiss. The conviction of driving while under the influence is thereby affirmed.
¶ 12. THE JUDGMENT OF THE CIRCUIT COURT OF MONROE COUNTY OF CONVICTION OF DRIVING WHILE UNDER THE INFLUENCE AND SENTENCE OF FORTY-EIGHT HOURS IN THE MONROE COUNTY JAIL, SUSPENDED, AND A FINE OF $500, IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, *511 IRVING, LEE, PAYNE, AND THOMAS, JJ., CONCUR. MYERS, J., NOT PARTICIPATING.